UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DONALD BUCHANAN,

    Plaintiff,

    v.                                        CAUSE NO. 1:22-CV-141-HAB-SLC

ALLEN COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Donald Buchanan, a prisoner without a lawyer, filed a complaint against three defendants alleging he is receiving constitutionally inadequate medical care. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Buchanan alleges that since February 8, 2022, he has been denied medical care for his mental and physical health needs. ECF 1 at 2. He states he suffers from bipolar schizophrenia and has back and neck problems cause him limited mobility. *Id.* Mr. Buchanan avers he is housed on the floor and the conditions at Allen County Jail prevent him from calling for emergency personnel because he cannot reach

the call button. *Id*. He asserts he has spent hours suffering because he has plates in his neck. *Id*.

Because Mr. Buchanan is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. The Seventh Circuit has explained that the inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id*. at 353. Thus, to state a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Id*. at 345. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. (emphasis omitted).

While Mr. Buchanan states he is unhappy with his medical care, he does not describe the care he has received or how it is deficient. Mr. Buchanan seems to allege only that he does not have access to a call button. He has not tied any of his allegations to a specific defendant. Thus, Mr. Buchanan's allegations regarding his medical care are not sufficient to state a claim.

Furthermore, Mr. Buchanan may not proceed against the defendants he has named in this case. First, he has sued the Allen County Jail, but he cannot sue the jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent he is suing Allen County Sheriff David Gladieux, he

2

has not alleged that Sheriff Gladieux was personally involved or participated in the alleged violations. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). In other words, "[p]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Mr. Buchanan has also sued HNC Medical Personnel and Mental Health Providers. However, he cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Lastly, Mr. Buchanan avers he is in fear for his life at the Allen County Jail because he is housed on a block with level 1, 2, and 3 felons. ECF 1 at 2-3. He has not connected this allegation to any particular defendant. Furthermore, other than expressing his unhappiness with being housed near inmates he considers to be objectionable, he has not described how his constitutional rights have been violated. "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Additionally, there does not appear to be any relationship between his allegations regarding his medical care and being housed on the same block with inmates who are felons. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Mr. Buchanan wishes to pursue an unrelated claim, he must file a separate lawsuit and pay the filing fee for that suit.

While Mr. Buchanan's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When he prepares his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Donald Buchanan;

(2) GRANTS Donald Buchanan until **August 1, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Donald Buchanan that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 1, 2022.

    s/ Holly A. Brady
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT